# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BHARATKUMAR G. THAKKER, *et al.*, | : | 1:20-cv-480 |
| Petitioners-Plaintiffs, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| CLAIR DOLL, *in his official capacity as Warden of York County Prison, et al.*, | : | |
| Respondents-Defendants. | : | |

# **ORDER**

# **April 28, 2020**

Before the Court for resolution is the Petitioners' Motion for Reconsideration and Application for Stay of Order Granting in Part and Denying in Part Motion for Preliminary Injunction ("the Motion"), (Doc. 90), filed on April 28, 2020.

By way of background, on March 31, 2020, we granted Petitioners' Motion for Temporary Restraining Order, immediately releasing Petitioners from the Facilities in which they were being detained by ICE. (Doc. 47). On April 13, we extended the TRO by a period of fourteen (14) days and imposed upon Petitioners conditions of release. (Doc. 60). On April 27, 2020, we issued a Memorandum and Order, (Doc. 89), granting in part and denying in part Petitioners' Motion for

1

Preliminary Injunction.[1] In so doing, we considered the voluminous record before us and determined that the conditions at York County Prison, (YCP"), and Clinton County Correctional Facility, ("CCCF"), had been adequately improved such that the Petitioners previously housed therein were no longer at risk of irreparable harm resulting from COVID-19. (Doc. 89 at 9-12; 15-19). We also individually considered and discussed the equities at play regarding each Petitioner's potential re-detention. (*Id.* at 21-29).

We have reviewed the Petitioners' brief and exhibits in support, (Doc. 91), of the instant Motion. Because time is of the essence, we shall not wait for Respondents' brief in opposition.[2] This matter is therefore ripe for our review. For the reasons that follow, we shall grant in part and deny in part the Motion. Petitioners Juarez-Juarez, Pratt, Augustin, and Oyediran will self-report to their respective Facilities by 4:00 p.m. today. We shall permit the continued release of Petitioner Idowu and Gomez-Lopez in light of the fact that they are currently ill.

---

[1] We granted the Preliminary Injunction as to Petitioners Thakker, Stubbs, and Hillocks. We denied the Preliminary Injunction as to Petitioners Idowu, Gomez-Hernandez, Juarez-Juarez, Pratt, Augustin, Oyediran, and Gomez-Lopez. (Doc 89).

[2] Petitioners Idowu, Gomez-Hernandez, Juarez-Juarez, Pratt, Augustin, Gomez-Lopez and Oyediran are due to self-report to the Facilities by 4:00 p.m. today. (Doc. 89 at 32).

## I. STANDARD OF REVIEW

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence, *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), and, as such, "motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration may not be used to present a new legal theory for the first time, to raise new arguments that could have been made in support of the original motion, *see Vaidya v. Xerox Corp.*, No. CIV.A.97-547, 1997 WL 732464, at *2 (E.D. Pa. 1997), and should not ask the court to rethink a decision that it has already made. *Tobin v. GE*, No. Civ. A. 95-4003, 1998 WL 31875, at *2 (E.D. Pa. 1998). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration. *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).

With this exacting standard in mind, we turn to an analysis of the Petitioners' Motion.

## II. DISCUSSION

In support of their reconsideration request, Petitioners submit newly-supplied affidavits from Ekundayo Lymon Idowu (Petitioner Idowu's wife), Vanessa Stine, Dr. Judd Walson, Catalino Domingo Gomez-Lopez, Jean Herdy Christy Augustin, and Rodolfo Augustin Juarez-Juarez. (Doc. 91, Exs. 1, 2, 3, 4, 8, 9). Petitioners also submit several expert reports. (Doc. 91, Exs. 5, 6, 7). In those just-filed affidavits, we learned *for the first time* that Petitioner Idowu has been diagnosed with COVID-19, has been hospitalized for several weeks as a result, and spent time in the Intensive Care Unit.[3] (Doc. 91, at 1-2; Ex. 2). Petitioner Idowu remains hospitalized. (*Id.*). We also learned for the first time that Petitioner Gomez-Lopez was experiencing COVID-19 symptoms, but had not yet been tested.[4] (Doc. 91, Ex. 4). We consider this newly-presented evidence to be highly relevant to the individualized determinations previously rendered regarding these

---

[3] We are shocked and dismayed to hear this is the case. As we had ordered Petitioners to report their whereabouts to their counsel once per week on April 13, 2020, we must assume that counsel was aware that Petitioner Idowu was hospitalized with COVID-19 long before we rendered a decision in this matter. (Doc. 60 at 3). Counsel, however, neglected to inform us this was the case until *after* we had issued a decision unfavorable to their position. Such a choice smacks of gamesmanship and a lack of candor to the Court. In the alternative, counsel neglected the Order of this Court to remain apprised of their clients' whereabouts and did not inform us as such. While we have enormous respect for Petitioners' counsel, these scenarios do not reflect well upon them and cause us to have great concern.

[4] We also consider this highly relevant information that we are disappointed to find was not immediately reported to the Court.

Petitioners and will thus grant the Motion as it pertains to Petitioners Idowu and Gomez-Lopez.

Indeed, it defies all logic to order Petitioner Idowu to report to CCCF when he is currently hospitalized for a highly-contagious virus. We will not force him to leave the care of his able doctors, as doing so would cut against the equities at play in his case. We will also not require Petitioner Gomez-Lopez to report to YCP at this time considering his present symptoms. While, as discussed in our previous opinion, we have confidence in YCP's newly-implemented mitigation procedures, we cannot countenance sending an individual with COVID-like symptoms back into the Facility. To do so would tempt fate beyond what fairness dictates. We will, however, order Petitioner Gomez-Lopez to be tested for the virus by the end of the week and will require his counsel to report those results immediately, whether they favor his position or not.

Concerning the remaining Petitioners, we now have before us new evidence concerning the perceived lack of testing within the Facilities. (Doc. 91 at 3-8). While we recognize Petitioners' argument that widespread testing combats the spread of COVID-19, such testing is not a practicable solution at this time. Indeed, such voluminous testing is not available *anywhere* in this county as of the date of

this writing.[5] We cannot require perfection of Respondents when such a result is logistically impossible to achieve. Indeed, as our esteemed colleague Chief Judge Conner has noted, "[t]here is no perfect solution to preventing the spread of COVID-19 in detention facilities, but York County Prison officials have taken reasonable steps to limit the spread throughout its facility." *Verma v. Doll*, No. 4:20-CV-14, 2020 WL 1814149, at *6 (M.D. Pa. Apr. 9, 2020). We have enumerated in great detail the commendable steps YCP and CCCF have taken to prevent widespread infection within their Facilities. Those prevention measures are, as previously discussed, reasonable steps that have significantly slowed the spread of COVID-19 within their walls.

Finally, Petitioners request a reconsideration of the balance of equities as they concern Petitioners Idowu, Gomez-Hernandez, Juarez-Juarez, Pratt, Agustin, Oyederan, and Gomez-Lopez. (Doc. 91 at 14). We note that we conducted exhaustive individualized inquires as to each of these Petitioners in our previous

---

[5] Robin Foster and E. J. Mundell, *National Coronavirus Testing Strategy Announced as States Reopen*, U.S. NEWS AND WORLD REPORT, April 28, 2020, https://www.usnews.com/news/health-news/articles/2020-04-28/national-coronavirus-testing-strategy-announced-as-states-reopen ("By Sunday, the United States had conducted about 5.5 million tests, according to the Covid Tracking Project, which compiles those figures from individual states. But that number is only equivalent to about 1.7 % of the U.S. population").

order, and we are unpersuaded by Petitioners' newly-submitted evidence on this front.[6]

Accordingly, based on the foregoing, the Petitioners' Motion shall be granted in part and denied in part as follows.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Petitioners' Emergency Motion for Reconsideration (Doc. 90) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Our Memorandum and Order dated April 27, 2020 is **VACATED** as to Petitioners Idowu and Gomez-Lopez only.

    b. Petitioners Idowu and Gomez-Lopez will abide by the conditions of release set forth in our April 13, 2020 Order.

    c. With respect to Petitioner Idowu, his counsel shall file a status report concerning the status of his health on the docket by the close of business on Monday, May 4, 2020 and every successive Monday thereafter until further Order of Court.

    d. With respect to Petitioner Gomez-Lopez, he shall submit himself to a COVID-19 test by the end of the day on Friday, May 1, 2020.

---

[6] Petitioners also contend that we did not consider the entire record before rendering our previous decision. To the contrary, we have reviewed the full record in this matter and the fact that we did not cite to certain portions of the record does not mean that we did not review the same.

> His counsel shall facilitate the arrangement of Gomez-Lopez's testing. Counsel shall immediately file a status report on the docket alerting the Court as to the result of Lopez's test upon receipt of the results.

2. In all other respects, the Petitioners' Emergency Motion for Reconsideration and Application for Stay of Order Granting in Part and Denying in Part Motion for Preliminary Injunction is **DENIED**.

s/ John E. Jones III
John E. Jones III
United States District Judge
