## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BHARATKUMAR G. THAKKER, et al.,** | : | **CIVIL NO. 1:20-CV-480** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **(Chief Judge Jones)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **CLAIR DOLL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

The background of this order is as follows:

This case, a hybrid putative class action and habeas corpus proceeding brought on behalf of a class of immigration detainees, was referred to the undersigned for the resolution of discovery disputes and related issues. (Doc. 160). One such discovery dispute is now before us concerning the plaintiffs' deposition of the defendants' expert witness, Dr. Lubelczyk. This deposition took place on July 10, 2020, shortly prior to the hearing before Chief Judge Jones, scheduled for Tuesday, July 14, 2020. While the defendants initially objected to this request, given the limited discovery permitted in habeas actions, they agreed to have Dr. Lubelczyk sit for a deposition, provided she was paid her customary fee in advance of the deposition. We held a telephonic conference with the parties concerning this discovery dispute on July 8, 2020 and at the conclusion of that conference ordered

the deposition to go forward on July 10 with a partial pre-payment of the doctor's fees.

The parties are now embroiled in yet another discovery dispute relating to this deposition. It seems that during the deposition the doctor referred to notes she had prepared. Plaintiff-petitioners' counsel sought production of those notes, and government counsel refused to produce the notes, asserting that they were privileged. This dispute then blossomed into a matter requiring our attention on the afternoon of July 13, less than 24 hours before the hearing is scheduled before the district court, when the government filed a motion for protective order. (Doc. 183). With respect to the question of the discoverability of these expert witness notes, the parties take starkly contrasting positions, which we are asked to address and resolve in the abstract without the benefit of any review of the disputed material. The plaintiff-petitioners argue that these notes are clearly discoverable because they reflect "facts or data considered by the witness in forming" her expert opinion. Fed. R. Civ. P. 26(a)(2)(B)(ii). In contrast, the government argues that these notes are, in essence, a draft report and contain communications between the expert and counsel, all of which the government contends is cloaked in privilege. Fed. R. Civ. P. 26(b)(4)(B)-(C). These contrasting positions are presented to us in a factual vacuum. We do not have, and have not seen, the disputed notes. Indeed, it is unclear how extensive these notes may be.

Simply put, due to the exigencies of this litigation, the fast-paced nature of this case, and the expedited timing of Dr. Lubelczyk's deposition, no one has had sufficient time to either: (1) prepare a privilege log, (2) provide the court with the disputed notes, or (3) fully brief these legal issues regarding the scope of the privilege in this setting. We do not fault counsel for not having completed these steps. Quite the contrary, all counsel have worked with exemplary dispatch given the expedited timetable prescribed by the court. However, in our view, a fully informed evaluation of these privilege claims would require, at a minimum, production of the notes to the court and review of the disputed notes by the court prior to any disclosure, a task which cannot be undertaken today, just hours prior to the hearing scheduled in this case.

Accordingly, with the court's ability to resolve this eleventh hour dispute hobbled by the unusual exigencies of this litigation, IT IS ORDERED that the motion for protective order is GRANTED, in part, and DENIED in part as follows:

**First,** Dr. Lubelczyk is ORDERED to bring her notes to the hearing scheduled before Chief Judge Jones on July 14, 2020, and the witness and government counsel are further ORDERED to review the notes prior to the hearing to identify those "facts or data considered by the witness in forming" her expert opinion that are set forth in the notes.

**Second**, the witness and government counsel shall review the notes to identify those matters set forth in the notes which constitute drafts of the report and contain communications between the expert and counsel which are not subject to disclosure. Fed. R. Civ. P. 26(b)(4)(B)-(C).

**Third**, to the extent that this review identifies items that are not cloaked in privilege, those items should be disclosed. To the degree that the review leads the government to conclude that certain notes are privileged, those items may be withheld, subject to later *in camera* inspection by the court, if necessary.

**Fourth**, government counsel shall produce the notes, which are estimated to be approximately 10 pages in length, as well as the expert's draft report, for the court's *in camera* review by **10:30 a.m. on July 14, 2020**.

While government counsel are ORDERED to undertake these preliminary efforts, in order to be able to fully address these disclosure questions at the hearing scheduled before Judge Jones later today, we will DENY any request for wholesale disclosure of these notes at this time, without prejudice to the parties seeking further relief from the district court in the course of the hearing itself and without prejudice to our further *in cam*era inspection of disputed records, if such an inspection is feasible under current time constraints.

So ordered this 14th day of July 2020 at 9:50 a.m.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge