# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BHARATKUMAR G. THAKKER, | : | 1:20-cv-480 |
| ADEBODUN ADEBOMI IDOWU | : | |
| COURTNEY STUBS | : | |
| RIGOBERTO GOMEZ-HERNANDEZ | : | |
| RODOLFO AUGUSTIN JUAREZ-JUAREZ | : | Hon. John E. Jones III |
| HENRY PRATT | : | |
| JEAN H. C. AUGUSTIN | : | |
| MAYOWA ABAYOMI OYERDIRAN | : | |
| CATALINO DOMINGO GOMEZ-LOPEZ | : | |
| DEXTER ANTHONY HILLOCKS | : | |
| Petitioners-Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CLAIR DOLL, *in his official capacity as* | : | |
| *Warden of York County Prison, et al*., | : | |
| Respondents-Defendants. | : | |

## ORDER

## March 1, 2021

**AND NOW**, upon consideration of the Report and Recommendation of United States Magistrate Judge Martin C. Carlson, (Doc. 251), recommending that Petitioners' Emergency Motion for Injunction Prohibiting Transfers of Petitioners or Putative Class Members,[1] (Doc. 177), be denied, that the motion for contempt and sanctions, (Doc. 203), be stayed pending our decision regarding the July 14,

---

[1] Much has changed in the procedural posture of this case since Magistrate Judge Carlson authored his thorough and well-analyzed Report and Recommendation. We have since denied Petitioners' motion for class certification. (Doc. 269). As such, both parties agree that Judge Carlson's recommendations now apply only to the named plaintiffs in this case. (Doc. 273 at 9; Doc. 278 at n. 1).

1

2020 order, and that Respondents should be required to continue to identify those detainees who meet putative class standards who are transferred into and out of detention facilities located within this district,[2] and noting objections[3] from both Petitioners, (Doc. 264),[4] and Respondent, (Doc. 265),[5] to the report, which are now

---

[2]      Judge Carlson's sound reasoning regarding this particular recommendation rested solely upon the fact that such "information is relevant to the court's pending class action determination, in that it helps to ascertain whether the plaintiffs can meet class action certification numerosity and commonality requirements." (Doc. 251 at 30). As we have already resolved the class certification issue in this case and the parties agree that any portions of the Report and Recommendation addressing putative class members are moot, (Doc. 273 at 9; Doc. 278 at n. 1), we need not adopt this recommendation.

[3]      Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. *Supinksi v. United Parcel Serv.*, Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" *Id.* (citing *Shields v. Astrue*, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008).

[4]      Petitioners set forth numerous objections to Magistrate Judge Carlson's recommendations. First, they argue that we do have jurisdiction to review a transfer to effectuate removal, despite Magistrate Judge Carlson's well-explained doubts on the matter. (Doc. 264 at 15-23). In support thereof, Petitioners maintain that 8 U.S.C. §1252(a)(2)(B)(ii) only divests this court of jurisdiction to review *discretionary* decisions made by the Secretary of Homeland Security. (Doc. 264 at 17). Because, Petitioners argue, "ICE has no discretion to violate the Constitution, the statute does not bar review of [their] constitutional claims." (*Id.*) (citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001. Furthermore, Petitioners maintain that the plain language of the statute supports their interpretation. (*Id.* at 18). In opposition, Respondents note that 8 U.S.C. §1231(g)(1) vests the Attorney General with the authority to "arrange for appropriate places of detention for aliens pending removal or a decision on removal." (Doc. 273 at 12). This statute, Respondents maintain, falls under the discretion of the Department of Homeland Security, and is thus excluded from our review by 8 U.S.C. §1252(a)(2)(B)(ii). (*Id.* at 13). As Magistrate Judge Carlson thoroughly noted, there appears to be a genuine split in authority "concerning whether transfers are a specified discretionary decision of DHS and ICE." (Doc. 251 at 14). Consequently, we decline to decide this issue because, even assuming we have jurisdiction to adjudicate this issue, we cannot grant preliminary relief based upon Petitioners' objections, as discussed below. In so doing, we note that Petitioners never sought leave to amend their complaint to include the transfer allegations contained in the instant Motion. As such, the

fully briefed, (Docs. 273; 274; 278), and the Court finding Judge Carlson's analysis to be thorough, well-reasoned, and fully supported by the record, and the Court further finding the objections to be without merit, **IT IS HEREBY ORDERED THAT:**

---

operative complaint was filed months *before* the alleged transfers take place and we see no mention of transfers *at all* therein. (*See* Doc. 62). Thus, the issue of our jurisdiction over this issue dies with the current motion. We decline to wade into the muddy waters of statutory interpretation unnecessarily.

     Next, Petitioners argue that we should decline to adopt Magistrate Judge Carlson's sound reasoning because they have demonstrated a high likelihood of success on the merits of each of their three constitutional claims. (Doc. 264 at 19). But these objections appear to focus exclusively upon Petitioner Stephen Brown to the exclusion of any other named Petitioners. (*See id*). Indeed, while Petitioners refer to the constitutional rights of "other transferees" their arguments on this score discuss *only* Mr. Brown's rights. (Doc. 264 at 24-30). On December 3, 2020, the parties filed a voluntary dismissal of Petitioner Stephen Brown as a party to this action. (Doc. 339). Consequently, these objections are moot and we need not consider them. The same may be said of Petitioners' cursory arguments in favor of Petitioner Brown's likelihood of suffering irreparable harm and the balance of equities and public interest. (Doc. 264 at 30). As Petitioner Brown was released from detention in December and was subsequently dismissed as a party to this action, we find these objections to be moot as well.

     Petitioners' remaining objections relating to the preliminary injunction focus upon the relief requested and our ability to grant it. (Doc. 264 at 30-35). However, because Petitioners have not objected to portions of Magistrate Judge Carlson's R&R that would allow us to grant preliminary relief, we need not consider what type of relief is appropriate. We thus adopt Magistrate Judge Carlson's reason regarding the relief sought.

     Finally, Petitioners ask us to hold Respondents in contempt for violating our July 14 Order, noting that Magistrate Judge Carlson declined to make a recommendation on this point. (Doc. 264 at 35-38). We shall issue a separate Order deciding Petitioners' contempt motion and adopt Magistrate Judge Carlson's recommendation to stay in the interim.

[5]    Respondent's only objection concerns the recommended ongoing obligation to identify putative class members transferred out of the district. (Doc. 265 at 1). As previously noted, this recommendation is moot and we need not consider Respondent's resulting objection. In addition, however, Respondent notes that that the Third Circuit has decided the instant case's companion, *Hope*, since Magistrate Judge Carlson released his Report and Recommendation. (Doc. 273 at 10 (citing *Hope v. Warden York Cty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020))). Relying upon *Hope*, Respondent maintains that habeas is not the proper vehicle for Petitioners' proposed preliminary relief. We need not address this argument, however, as we Petitioners have not produced an objection upon which we can grant preliminary relief. *See supra* n.4.

1.  The Report and Recommendation of Magistrate Judge Carlson (Doc. 251) is **ADOPTED** in part and **MOOT** in part as follows:

    a. The portion of the Report and Recommendation concerning Petitioner's motion for preliminary injunction enjoining transfer of named class members is **ADOPTED**;

    b. The portion of the Report and Recommendation concerning Petitioner's motion for preliminary injunction enjoining transfer of putative class members is facilities is **MOOT** following this Court's September 24, 2020 Order. (Doc. 269);

    c. The portion of the Report and Recommendation concerning Petitioners' motion for contempt is **ADOPTED**; and

    d. The portion of the Report and Recommendation concerning Respondent's ongoing obligation to identify putative class members being transferred to other ICE detention facilities is **MOOT** following this Court's September 24, 2020 Order. (Doc. 269).

2.  Defendant's Petitioners' Emergency Motion for Injunction Prohibiting Transfers of Petitioners or Putative Class Members, (Doc. 177), is **DENIED.**

<u>s/ John E. Jones III</u>  
John E. Jones III, Chief Judge  
United States District Court  
Middle District of Pennsylvania